UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELTA UPSILON ALUMNI
CORPORATION, and MICHIGAN
CHAPTER OF DELTA UPSILON,

        Plaintiffs,

Case No. 13-cv-13298
Hon. Victoria A. Roberts

v.

RSUI INDEMNITY COMPANY,

        Defendants.

_____

**ORDER**

This order addresses three pending motions.

Plaintiffs Delta Upsilon Alumni Corporation and Michigan Chapter of Delta Upsilon ("Delta") sue RSUI Indemnity Company ("RSUI") to compel appraisal to determine the amount of loss that occurred as a result of a fire that damaged Delta's fraternity house on the University of Michigan Campus (Doc. # 16). RSUI responded by objecting to the motion to compel appraisal (Doc. # 17). Delta filed a motion to strike an exhibit from RSUI's response (Doc.# 22). RSUI subsequently filed a motion for summary judgment (Doc. # 20).

Federal Rule of Civil Procedure 56(a) says a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden is on the moving party to show that no genuine issue of material facts exist, and a court should evaluate the evidence in the light most favorable to the non-moving party. *Gen. Motors Corp. v.*

1

*Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006). The moving party must support its assertion by citing to particular parts of materials in the record, including depositions, documents, or other materials. Fed. R. Civ. P. 56. However, to create a genuine issue of material fact, the non-moving party must present more than a mere scintilla of evidence in support of his position to raise some doubt as to the existence of a fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Court finds a material question of fact exists as to the amount of loss. The Court agrees with RSUI's contentions that the contract is clear in that it is only required to pay the lesser of the cost to replace or the amount Delta actually spends; however, there is an issue as to the value of the cost to replace, and the amount that Delta actually spent. Delta says it has spent over $6,021,514.12; this is more than the $3,466,425.75 that RSUI says Delta has spent. Moreover, RSUI bases replacement cost on its own estimate after Delta allegedly failed to submit an appropriate estimate. Delta says it made several attempts to comply with RSUI's ever changing demands. Therefore, it is unclear if RSUI's cost to replace figure is a proper valuation number; a genuine issue of material fact exists and summary judgment is denied.

The dispute over the amount of loss is directly related to the motion to compel appraisal filed by Delta. RSUI says appraisal was not triggered because Delta never submitted an estimate for RSUI to determine if there was a disagreement. However, Delta did submit replacement estimates to RSUI. Delta and RSUI corresponded for years about the content of the estimates, and Delta repeatedly informed RSUI of its position that it did not agree with its valuations. According to the contract, in the event of a disagreement about loss the parties will proceed to appraisal. The Court finds

appraisal is necessary to determine the amount of loss.

Delta filed a motion to strike an exhibit from RSUI's response to Delta's motion to compel appraisal; the Court denies the motion.

Accordingly, the Court: (1) **DENIES** RSUI's Motion for Summary Judgment (Doc. # 20); (2) **GRANTS** Delta's Motion to Compel Appraisal (Doc. # 16); and (3) **DENIES** RSUI's Motion to Strike (Doc. # 22).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 6, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 6, 2015.

s/Linda Vertriest
Deputy Clerk

3