UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELTA UPSILON ALUMNI
CORPORATION, and MICHIGAN
CHAPTER OF DELTA UPSILON,

        Plaintiffs,

v.

RSUI INDEMNITY COMPANY,

        Defendant.
_____/

Case No. 13-cv-13298

HONORABLE VICTORIA A. ROBERTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On January 25, 2016, the Court entered an Order denying RSUI's motion for reconsideration and ordering the parties to proceed with appraisal. ECF No. 35. In April, the Court inquired into the status of the ongoing appraisal via email, and received a joint response from the parties that is provided below:

    1.     Have you already begun appraisal?
    Yes. Each party has appointed its appraiser, and the appraisers are working to select an umpire. The parties are also working to agree on a Memorandum of Appraisal to guide the appraisal panel in the appraisal process.

    2.     Will appraisal be binding?
    Yes. The Policy provides that a decision agreed to by any two of the appraisers and umpire is binding. Nevertheless, the appraisal award is subject to challenge by either party seeking to avoid and set aside the appraisal award. In the end, the Court may vacate the appraisal award.

    3.     When do you expect to complete the process?
    While the parties intend to work diligently throughout the appraisal process, at this time, the parties simply cannot estimate when the process will be completed. There are too many unknown variables that may affect the length of the process.

4.  If appraisal is intended to be determinative, can the Court enter an order of dismissal on this case?
No. In the event that the appraisers cannot agree on an umpire, the Policy provides that either party may request that the selection be made by the Court. In addition, the Policy provides that following an appraisal award, RSUI still retains its right to deny the claim. Moreover, as noted above, the appraisal award is subject to challenge and may be vacated by the Court. Further, while the Court compelled appraisal, granting the relief sought by Plaintiffs, it is RSUI's position that its Counterclaim for Declaratory Judgment remains pending. The Court denied RSUI's motion for summary judgment finding a material question of fact exists as to the amount of the loss and the amount that Plaintiffs actually spent.

While the Court is mindful of the parties preferences, the Court finds it best to dismiss the present suit. Specifically, there are no certain deadlines for when appraisal will finish, nor is it certain that there will be any objections to what the parties intend to be a binding award. Because appraisal is intended to be binding, the Court finds the counterclaim for declaratory judgment is presently moot, and, thus, dismisses the counterclaim without prejudice. The Court retains jurisdiction over the case; either side may file a motion to reopen following appraisal, if necessary.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 13, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 13, 2016.
S/Carol A. Pinegar

Deputy Clerk